ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
ANTHONY NEWTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NEWTON, <br><br> Plaintiff, <br><br> vs. <br><br> MVCONNECT, LLC, an Illinois limited liability company, MVCONNECT, LLC, a Delaware limited liability company, MVTRAC, LLC, a Delaware limited liability company, and MVCONNECT HOLDINGS, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No: 2:22-cv-3709 <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1) THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **(3) THE COLLATERAL RECOVERY ACT** |

Plaintiff Anthony Newton hereby complains against MVCONNECT, LLC, an Illinois limited liability company, MVCONNECT, LLC, a Delaware limited liability company, MVTRAC, LLC, a Delaware limited liability company, and MVCONNECT HOLDINGS, LLC, a Delaware limited liability company (the defendants are referred to collectively herein as "MVTRAC").  Plaintiff alleges as follows:

## OPERATIVE FACTS

1. Plaintiff purchased a vehicle on credit from a California car dealership, which he intended to use primarily for personal, family, or household purposes, and entered into a retail installment sales contract with the dealership.  The contract granted a security interest to the dealership in plaintiff's vehicle, which was collateral for plaintiff's obligations under the contract. The dealership assigned its interest in the contract, including the security interest, to American Credit Acceptance ("ACA") , an automotive lender, who became the holder of the contract.

2. Plaintiff fell behind on his monthly installment payments, and ACA initiated the repossession process. ACA hired MVTRAC, a national repossession agency, to locate and repossess the vehicle, as an independent contractor. MVTRAC, in turn, hired a local repossession agency to physically repossess plaintiff's vehicle.  MVTRAC effected the repossession in July, 2021.  MVTRAC managed the entire repossession process from start to finish, and plaintiff is informed and believes that ACA had no involvement in that process, and no contacts with MVTRAC's local repossession company.

3. MVTRAC holds no California repossession license, which it is required have to pursuant to the Collateral Recovery Act, Bus. & Prof. Code §§ 7500, et seq. ("CRA").  The CRA is consumer protection legislation.  In enacting the CRA, the California Legislature pronounced that its "highest priority" is "[p]rotection of the public," and "[w]henever the protection of the public is

inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." Id., § 7501.05. There is good reason for California's licensing and regulation of the repossession industry, and the CRA's strong emphasis on public safety. "Self-help" (nonjudicial) repossessions – the overwhelming bulk of car repossessions – are "inherently dangerous," and "an activity which by its nature (the retaking of a prized and important possession, often over the objections of the owner, usually at night and under circumstances which involve entry onto private property) has a potential for violence". Sogn v. Alaska USA Fed. Credit Union, No. C17-432 MJP, 2018 WL 4488606, at *4 (W.D. Wash. Sept. 19, 2018).

4. The CRA requires that any person or entity who acts as a "repossession agency" with respect to collateral in California must have a repossession agency license, Cal. Bus. & Prof. Code § 7502, thereby allowing oversight of that person or entity by the Bureau of Security and Investigative Services, a division of the California Department of Consumer Affairs. Id., § 7501. The CRA expansively defines a repossession agency as "any person who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral, whether voluntarily or involuntarily." Id., § 7500.2. Under the CRA, unlicensed repossession activity is both a crime, Id § 7502.1, and grounds for a civil suit by "any member of the general public." Id., § 7502.6(a).

5. MVTRAC has been conducting illegal unlicensed repossession activity in California for many years, without a license. MVTRAC accepts employment to locate collateral, accepts employment to recover collateral, and engages in the business of locating or recovering collateral. MVTRAC's clients are the major automotive lenders, who hire MVTRAC: (1) to "locate collateral" throughout the country, including by using MVTRAC's license plate reading network, and through the efforts of what it advertises as its "highly experienced skip trace team"; (2) to then repossess that collateral. MVTRAC therefore not only "accepts employment" to "locate or recover collateral," but also "engages in

business" to do so, under the CRA. The fact that MVTRAC subcontracts some or all of its physical repossessions to local agents is of no consequence to the licensing requirements under the CRA, which apply when any company is employed to either locate or repossess collateral. Such employment is the only reason for MVTRAC's existence.

6. Despite its ongoing California repossession business, MVTRAC has never held a California repossession agency license, and has therefore been operating and continues to operate an illegal business in this state. MVTRAC's unlicensed activity is at its core, unfair competition, which gives it an unwarranted advantage over its competitors in the repossession industry who have properly obtained licenses and submitted to regulation by the California Department of Consumer Affairs. In this action, plaintiff seeks a permanent injunction to put an end to this unfair competition. Plaintiff also seeks statutory damages under the CRA, the Fair Debt Collection Practices Act, and the Rosenthal Fair Debt Collection Practices Act.

## JURISDICTION AND VENUE

7. The court has both federal question and diversity jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and is between citizens of different states. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, the property that is the subject of the action is situated in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

9. Plaintiff Anthony Newton is a natural person over the age of 18 years and is a resident and citizen of the state of California, county of Los Angeles.

10. Defendant MVConnect, LLC is an Illinois limited liability company with its principal place of business outside of California.

11. Defendant MVConnect, LLC is a Delaware limited liability company with its principal place of business outside of California.

12. Defendant MVTRAC, LLC is a Delaware limited liability company with its principal place of business outside of California.

13. Defendant MVConnect Holdings, LLC is a Delaware limited liability company with its principal place of business outside of California.

14. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

### FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

15. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are each a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendants each use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect repossession of property which was claimed as collateral through an enforceable security interest, when defendants had no present right to possession of that property.

18. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

19. Plaintiff is entitled to $1,000 in statutory damages against each

defendant pursuant to 15 U.S.C. § 1692k.  Defendants committed their violations willfully and knowingly, and/or have frequently or persistently failed to comply with the FDCPA.

20. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

21. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

23. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction.  "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

24. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

25. Defendants violated Civil Code § 1788.17, incorporating by reference

5

15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to violations of 15 U.S.C. § 1692f(6).

26. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692(d)(1), by using criminal means to harm the property of plaintiff.

27. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff is entitled to recover any actual damages he suffered, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

28. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

29. Plaintiff is entitled to recover attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants for Violations of the Collateral Recovery Act)**

30. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

31. Defendants are repossession agencies within the meaning of California Business & Professions Code § 7500.2, in that they engage in business and/or accept employment to locate or recover collateral, for consideration. They are prohibited from these activities pursuant to California Business & Professions Code § 7502 because they are not licensed as repossession agencies in California.

32. California Business & Professions Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed

repossessor to obtain an injunction or other appropriate order restraining the unlicensed conduct, and to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against defendants, as well as a permanent injunction restraining defendants from further violations of the CRA.

33.  Plaintiff is entitled to recover his attorney's fees and costs in this action, pursuant to California Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For injunctive relief;
4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated:  May 31, 2022                    Respectfully Submitted,

                                        TRUEBLOOD LAW FIRM


                                        By:  _____/s/_____
                                             Alexander B. Trueblood

                                        Attorneys for Plaintiff
                                        ANTHONY NEWTON