ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
ANTHONY NEWTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NEWTON, | Case No: 2:22-cv-3709-DSF-PD |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| MVCONNECT, LLC, an Illinois limited liability company, MVCONNECT HOLDINGS, LLC, a Delaware limited liability company, and MRI INC., a California corporation, | **(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| | **(3) VIOLATIONS OF THE COLLATERAL RECOVERY ACT** |
| Defendants. | **(4) CONVERSION** |
| | **(5) VIOLATIONS OF THE UNFAIR COMPETITION LAW** |

Plaintiff Anthony Newton hereby complains against MVCONNECT, LLC, an Illinois limited liability company, MVCONNECT HOLDINGS, LLC, a Delaware limited liability company (these latter two defendants are referred to collectively herein as "MVTRAC"), and MRI INC., and alleges as follows:

## OPERATIVE FACTS

1. Plaintiff purchased a vehicle on credit from a California car dealership, which he intended to use primarily for personal, family, or household purposes, and entered into a retail installment sales contract with the dealership. The contract granted a security interest to the dealership in plaintiff's vehicle, which was collateral for plaintiff's obligations under the contract. The dealership assigned its interest in the contract, including the security interest, to American Credit Acceptance ("ACA"), an automotive lender, who became the holder of the contract.

2. Plaintiff fell behind on his monthly installment payments, and ACA initiated the repossession process. ACA hired MVTRAC, a national repossession agency, to locate and repossess plaintiff's vehicle, as an independent contractor. MVTRAC, despite not being licensed in California, accepted employment from ACA to locate and repossess the vehicle, which was a crime under the Collateral Recovery Act. MVTRAC located plaintiff's vehicle in California using its own personnel and proprietary license plate reading system, and then hired a local repossession agency, defendant MRI INC dba Motion Repossessors, as its agent to physically repossess plaintiff's vehicle. MVTRAC managed and controlled the entire repossession process from start to finish, and plaintiff is informed and believes that ACA had no involvement in that process, and no contacts with MRI INC.

3. Defendant MRI INC. repossessed plaintiff's vehicle by entering a secured and locked parking area at plaintiff's apartment complex, without permission. This was a crime under the Collateral Recovery Act, Bus. & Prof. Code

1

§ 7508.2(d). Accordingly, defendant MRI INC. breached the peace during the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d). The MVTRAC defendants are vicariously liable for the breach of the peace of their agent, MRI INC. Plaintiff permanently lost possession of his vehicle due to defendants' illegal repossession.

4.  Defendant MRI INC. stole various items of personal property which were inside plaintiff's vehicle. The MVTRAC defendants are vicariously liable for this conversion of plaintiff's personal property, as well as for the conversion of the vehicle itself, committed by their agent, MRI INC.

5.  MVTRAC holds no California repossession license, which it is required have to pursuant to the Collateral Recovery Act, Bus. & Prof. Code §§ 7500, et seq. ("CRA"). The CRA is consumer protection legislation. In enacting the CRA, the California Legislature pronounced that its "highest priority" is "[p]rotection of the public," and "[w]henever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." Id., § 7501.05. There is good reason for California's licensing and regulation of the repossession industry, and the CRA's strong emphasis on public safety. "Self-help" (nonjudicial) repossessions – the overwhelming bulk of car repossessions – are "inherently dangerous," and "an activity which by its nature (the retaking of a prized and important possession, often over the objections of the owner, usually at night and under circumstances which involve entry onto private property) has a potential for violence". Sogn v. Alaska USA Fed. Credit Union, No. C17-432 MJP, 2018 WL 4488606, at *4 (W.D. Wash. Sept. 19, 2018).

6.  The CRA requires that any person or entity who acts as a "repossession agency" with respect to collateral in California must have a repossession agency license, Cal. Bus. & Prof. Code § 7502, thereby allowing oversight of that person or entity by the Bureau of Security and Investigative

Services, a division of the California Department of Consumer Affairs. Id., § 7501. The CRA expansively defines a repossession agency as "any person who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral, whether voluntarily or involuntarily." Id., § 7500.2. Under the CRA, unlicensed repossession activity is both a crime, Id § 7502.1, and grounds for a civil suit by "any member of the general public." Id., § 7502.6(a).

7. MVTRAC has been conducting illegal unlicensed repossession activity in California for many years, without a license. MVTRAC accepts employment to locate collateral, accepts employment to recover collateral, and engages in the business of locating or recovering collateral, all without a license. MVTRAC's clients are the major automotive lenders, who hire MVTRAC: (1) to "locate collateral" throughout the country, including by using MVTRAC's license plate reading network, and through the efforts of what it advertises as its "highly experienced skip trace team"; (2) to then repossess that collateral. MVTRAC therefore not only "accepts employment" to "locate or recover collateral," but also "engages in business" to do so, under the CRA. The fact that MVTRAC subcontracts some or all of its physical repossessions to local agents is of no consequence to the licensing requirements under the CRA, which apply when any company is employed to either locate or repossess collateral. Such employment is the only reason for MVTRAC's existence.

8. Despite its ongoing California repossession business, MVTRAC has never held a California repossession agency license, and has therefore been operating and continues to operate an illegal business in this state. MVTRAC's unlicensed activity is at its core, unfair competition, which gives it an unwarranted advantage over its competitors in the repossession industry who have properly obtained licenses and submitted to regulation by the California Department of Consumer Affairs. In this action, plaintiff seeks a permanent injunction to put an end to this unfair competition. Plaintiff also seeks statutory damages under the

1  CRA, the Fair Debt Collection Practices Act, and the Rosenthal Fair Debt
2  Collection Practices Act.
3       9.    Within the last four years, and continuing today, defendant MRI INC.
4  has been engaging in a pattern and practice of violating the Collateral Recovery
5  Act, by repeatedly entering secured areas to repossess vehicles, in violation of Bus.
6  & Prof. Code § 7508.2(d). Defendant MRI INC. has been repeatedly sued for this
7  illegal conduct, but continues to violate the law. Plaintiff therefore seeks an
8  injunction under the Unfair Competition Law, to put an end to this unlawful
9  practice once and for all.

## JURISDICTION AND VENUE

10.    The court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.    Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, the property that is the subject of the action is situated in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

12.    Plaintiff Anthony Newton is a natural person over the age of 18 years and is a resident and citizen of the state of California, county of Los Angeles.

13.    Defendant MVConnect, LLC is an Illinois limited liability company with its principal place of business outside of California.

14.    Defendant MVConnect Holdings, LLC is a Delaware limited liability company with its principal place of business outside of California.

15.    Defendant MRI Inc. is a California corporation with its principal place of business in Los Angeles, California.

**FIRST CAUSE OF ACTION**
**(Against the MVTRAC Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

16.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are each a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendants each use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

18.     Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect repossession of property which was claimed as collateral through an enforceable security interest, when defendants had no present right to possession of that property.

19.     Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, including emotional distress, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

20.     Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k.  Defendants committed their violations willfully and knowingly, and/or have frequently or persistently failed to comply with the FDCPA.

21.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Against The MVTRAC Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

22.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the

5

1 continued functioning of the banking and credit system and sound extensions of
2 credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal
3 Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal
4 Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

24. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

25. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

26. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to violations of 15 U.S.C. § 1692f(6).

27. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692(d)(1), by using criminal means to harm the property of plaintiff. Defendants' entry into a secured area to repossess the vehicle was a crime under the CRA. In addition, MVTRAC committed further crimes by: (1) accepting employment to locate plaintiff's vehicle; and/or (2) accepting employment to repossess plaintiff's vehicle. Defendant MRI INC. committed the crime of theft by stealing plaintiff's personal property inside the vehicle, and MVTRAC is vicariously liable to plaintiff for that conduct.

28. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff is entitled to recover any actual damages he suffered, including emotional

distress, pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

29. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

30. Plaintiff is entitled to recover attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
**(Against the MVTRAC Defendants for Violations of the Collateral Recovery Act)**

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. The MVTRAC defendants are repossession agencies within the meaning of California Business & Professions Code § 7500.2, in that they engage in business and/or accept employment to locate or recover collateral, for consideration. They are prohibited from these activities pursuant to California Business & Professions Code § 7502 because they are not licensed as repossession agencies in California.

33. California Business & Professions Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossessor to obtain an injunction or other appropriate order restraining the unlicensed conduct, and to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against defendants, as well as a permanent injunction restraining defendants from further violations of the CRA.

34. Plaintiff is entitled to recover his attorney's fees and costs under this cause of action, pursuant to California Code of Civil Procedure § 1029.8.

7

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Against All Defendants for Conversion)

35. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

36. Plaintiff was entitled to immediate possession of his vehicle, and the personal possessions inside it, when they were taken by defendants.

37. Defendants wrongfully deprived plaintiff of possession of his vehicle and the personal possessions inside it, by taking them without any right to do so.

38. Plaintiff has suffered and is entitled to recover damages for defendants' conversions, including emotional distress.

39. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees or companies who acted towards plaintiff with malice, oppression, or fraud, employed such employees or companies with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

40. As to the MVTRAC defendants, plaintiff is entitled to recover treble damages, and his attorney's fees and costs, pursuant to California Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### (Against Defendant MRI Inc. for Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200 et seq)

41. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

|   |   |
|---|---|
| 1 | 42.     Plaintiff files this cause of action as a private attorney general to seek |
| 2 | an injunction against defendant MRI INC., whose unlawful business practices are |
| 3 | continuing to harm hundreds or thousands of people.  Business and Professions |
| 4 | Code §17200 et seq., often referred to as the "Unfair Competition Law," |
| 5 | (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, |
| 6 | or fraudulent business act or practice.  The UCL provides that a court may order |
| 7 | injunctive relief to affected individuals as a remedy for any violation of the UCL. |
| 8 | 43.     Beginning on an exact date unknown to plaintiff, but at all times |
| 9 | relevant herein and during the four years preceding the filing of the complaint in |
| 10 | this action, defendant has committed, and continues to commit, acts of unfair |
| 11 | competition proscribed by the UCL, including the practices alleged herein. |
| 12 | 44.     The business acts and practices of defendant as hereinabove alleged |
| 13 | constitute unlawful business practices in that, for the reasons set forth above, said |
| 14 | acts and practices violate the Collateral Recovery Act. |
| 15 | 45.     The business acts and practices of defendant, as hereinabove alleged, |
| 16 | constitute unfair business practices in that said acts and practices offend public |
| 17 | policy and are substantially injurious to consumers.  Said acts and practices have no |
| 18 | utility that outweighs their substantial harm to consumers. |
| 19 | 46.     The unlawful and unfair business acts and practices of defendant |
| 20 | described herein present a continuing threat to consumers, in that defendant is |
| 21 | currently engaging in such acts and practices, and will persist and continue to do so |
| 22 | unless and until an injunction is issued by this Court. |
| 23 | 47.     Pursuant to Business and Professions Code §17203, plaintiff seeks an |
| 24 | injunction restraining defendant from engaging in the above described acts and |
| 25 | practices. Plaintiff has lost money or property as a result of defendant's unlawful |
| 26 | and unfair business practices, including but not limited to the permanent loss of his |
| 27 | vehicle. |
| 28 | 48.     Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery |

9

of his attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages, including emotional distress,
2. For statutory damages and/or civil fines;
3. For punitive damages;
4. For injunctive relief;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: September 8, 2022            Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
        Alexander B. Trueblood

Attorneys for Plaintiff
ANTHONY NEWTON